IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HIGGINS, | ) | CASE NO. 1:07 CV 33 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Brian Higgins filed a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), on December 27, 2007. On January 10, 2008, the Commissioner of Social Security ("Commissioner") filed a response to Plaintiff's motion in which he asserted that the government's position was substantially justified and that the fees requested by Plaintiff were unreasonable. For the reasons articulated in this Report and Recommendation, the Magistrate Judge concludes the Commissioner has not satisfied its burden of establishing the government's position was substantially justified and, consequently, recommends Plaintiff's petition for attorney's fees under EAJA be GRANTED in part and DENIED in part.

### I. LAW AND ANALYSIS

#### A. Substantial Justification

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004),

*quoting Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004); *see also* 28 U.S.C. §2412(d)(1)(A). The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified." It is undisputed that Plaintiff is an eligible and prevailing party, and the Commissioner has not argued that special circumstances warrant the denial of attorney's fees; thus, the Court must determine whether the government's position was substantially justified.

A position is substantially justified when it is "'justified to a degree that could satisfy a reasonable person,'" and has a "'reasonable basis both in law and fact.'" *Howard*, 376 F.3d at 554, *quoting Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541 (1988). The Commissioner offers no supporting arguments for his broad assertion that the government's position was substantially justified. Accordingly, the Magistrate Judge concludes the Commissioner has failed to meet his burden of proving the government's position was justified to a degree that could satisfy a reasonable person. Moreover, a review of the Report and Recommendation (doc. 22) adopted by Judge Wells on October 31, 2007 (doc. 24) indicates that the government's position was not substantially justified. The government maintained that the Administrative Law Judge ("ALJ") did not violate the treating physician rule, despite the ALJ's failure to provide sufficient justification for his treatment of Dr. Guirguis's opinions. The ALJ did not accord controlling weight to Dr. Guirguis's opinions because he found the opinions to be inconsistent with the record and to lack citations to supporting medical findings. However, a review of the record shows that Dr. Guirguis's opinions were not clearly inconsistent with the record and did not lack supporting medical findings. Dr. Guirguis treated Plaintiff consistently for his deep vein thrombosis ("DVT") condition for more than four years, and during this time period he made numerous records documenting extensive

findings related to Plaintiff's DVT condition. The government also maintained that the ALJ did not err by failing to address Plaintiff's need to elevate his legs because no physicians opined that Plaintiff needed to elevate his legs during the workday. However, the record showed that at least two physicians found Plaintiff would need to elevate his legs during the workday. And, no fewer than seven different physicians provided records acknowledging Plaintiff's need to elevate his legs. The government's position supporting the ALJ's clear violation of the treating physician rule and failure to address a physical limitation identified by seven different physicians was not substantially justified. Having so found, the Court must next determine the amount of attorney's fees to which the Plaintiff is entitled.

## B. Reasonableness of Fees

The Court must determine whether the fees requested are a reasonable assessment of the expenses incurred in this litigation. EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Sixth Circuit has made it clear that adjustments for increases in the Consumer Price Index ("CPI") are within the discretion of the district court. *Begley v. Sec. of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992) (citing *Chipman v. Sec. of Health & Human Servs.*, 781 F.2d 545, 546-47 (6th Cir. 1986).

Plaintiff initially requested an EAJA award of $8,167.50, representing 49.5 hours of time spent at a rate of $165.00 per hour. Plaintiff submitted an itemized statement of services rendered with an hourly rate, a CPI chart, and an attorney fee contract providing for assignment of EAJA fees to counsel. The Commissioner filed a response objecting to the inflation of the hourly fee from $125.00 to $165.00 and objecting to the number of hours expended. The Commissioner claimed

inflation of the hourly rate was not justified and that Plaintiff did not explain what multiplier or other method was used to arrive at the $165 hourly rate. The Commissioner also questioned the 26 hours spent drafting Plaintiff's main brief and took issue with the 5.5 hours spent drafting Plaintiff's short and routine EAJA petition, the 3 hours spent reading the 28-page Report and Recommendation (doc. 22), the time spent amending the attorney fee contract, and the 0.4 hours spent discussing a "2nd claim."

Plaintiff thereafter filed a reply, in which she requested the Court award a fee at an hourly rate in excess of $125.00 because of the increase in the cost of living since the March 29, 1996 amendment of EAJA and because of counsel's expertise in handling Social Security Disability appeals. Plaintiff provided an explanation of the calculations used to arrive at the inflated hourly rate, which reflected a 34 percent increase in the cost of living between March 1996 and October 2007, the month that the final order was entered reversing and remanding this case. Applying this 34 percent increase to $125.00, Plaintiff's calculations resulted in an actual current hourly rate of $167.50 per hour, rather than the $165.00 originally requested.

With respect to the Commissioner's questioning of the time counsel expended on Plaintiff's main brief, EAJA petition, reading the Report and Recommendation, and amending the attorney fee contract, Plaintiff asserts that all of the enumerated services were reasonable, with the exception of the 0.4 hours spent discussing Plaintiff's "2nd claim" with him, which was inadvertently included in the petition. Plaintiff points out that the transcript in this case included 799 pages of documents and many complicated medical records, many of which were written in doctors' frequently illegible handwriting. Plaintiff claims the 5.5 hours spent drafting the EAJA petition was reasonable because it required the writing of a memorandum specific to the facts of the case, particularly with regard

to the substantial justification issue, and it required a careful review of the itemized time for Plaintiff has requested payment. Plaintiff claims the 3 hours spent reading the Report and Recommendation was necessary because the report was lengthy and included some findings that were not favorable to Plaintiff, despite the overall recommendation that the case be reversed and remanded. Plaintiff maintains that it was essential to carefully read the report, compare it to the parties' briefs, and review the cited cases to determine whether Plaintiff should object to any portion of the report. With respect to the time spent amending the attorney fee contract, Plaintiff asserts that the contract had to be amended due to the Social Security Administration's new policy of paying attorney's fees to the plaintiff, rather than to the attorney. Plaintiff does not identify this "new policy" or indicate when it came into effect.

At the conclusion of Plaintiff's Reply, he renews his request for EAJA fees, now at an hourly rate of $167.50 for 51.40 hours expended. The change in hours reflects the original 49.50 hours requested, less the 0.4 hours spent discussing Plaintiff's "2nd claim", plus 2.3 hours spent preparing Plaintiff's reply to the Commissioner's response. Plaintiff now requests a total of $8,609.50 in attorney's fees under EAJA, representing 51.40 hours at a rate of $167.50 per hour.

Considering the totality of the record and the experience of Plaintiff's counsel, the Magistrate Judge concludes that a 10-hour reduction from the 51.4 hours requested to 41.4 hours is warranted. The Magistrate Judges notes that although the case record was extensive at 799 pages, the 51.4 hour fee request far exceeds the number of hours requested in most of the EAJA petitions that have been presented to this Magistrate Judge. Similarly, the 5.5 hours counsel spent drafting a relatively short and routine EAJA petition is noticeably high. And with respect to the time spent amending the attorney fee contract, Plaintiff has provided no explanation of what change in policy or rules

imposed a new requirement that attorney's fees be paid to the plaintiff, rather than his counsel. During the relevant time period, there have been no amendments to the pertinent language of EAJA, which provides that attorney's fees may be awarded to the "prevailing party," meaning the *plaintiff* in a successful Social Security Disability appeal.[1]

The Magistrate Judge also concludes that an adjustment in the requested hourly rate is necessary. The Magistrate Judge finds that an increase in the cost of living justifies a higher rate than $125.00 per hour. However, "the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which [P]laintiff filed his EAJA petition (current rates)." *Jones v. Astrue*, No. C-1-05-789, 2007 U.S. Dist. LEXIS 54719, *9 (S.D. Ohio 2007) (citing *Blackburn v. Barnhart*, No. 2:02-cv-1099 (S.D. Ohio April 13, 2005) (Report and Recommendation)). The Court's use of cost of living adjustment rates based on the date Plaintiff became a prevailing party would be the equivalent of awarding prejudgment interest against the government contrary to the rule set forth in *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986). *Id.* at *9-10. Decisions in the Second, Fifth,

---

[1] The Magistrate Judge is aware that recently the government objected to the payment of checks for attorney's fees under EAJA directly to the attorney, rather than the plaintiff, in *Brown v. Astrue*, No. 1:06 CV 2874 (N.D. Ohio October 15, 2007). In *Brown*, this Court issued an opinion acknowledging the Sixth's Circuit's explanation of the relevance of the words "award to the prevailing party" in *King v. Comm'r of Soc. Sec.*, No. 06-3365, 230 Fed. Appx. 476 (6th Cir. 2007). In *King*, the Sixth Circuit explained that under EAJA, any fee request must be made on behalf of the party and any fee award must be made to the prevailing party, not the attorney. *Id.* at*480. Thus, a party cannot request an award of attorney's fees under EAJA unless he is required to pay those fees to his counsel. *Id.* The Magistrate Judge is aware of the possibility that the new Social Security Administration policy to which Plaintiff is referring may be the *Brown* and *King* decisions. However, these opinions merely explained the current state of the law, which has remained unchanged during the relevant time period. Plaintiff has cited no change in the law or regulations or anything about the *King* and *Brown* decisions that would justify a significant increase in the hours requested for amendment to the attorney fee contract.

Seventh, Ninth, D.C., and Federal Circuit Courts have applied this no-interest rule to EAJA fee cases and consequently, awarded cost of living increases based on rates calculated for the years in which the services were rendered, rather than current rates. *See id.* at *9-14 (citing *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Kerin v. United States Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Marcus v. Shalala*, 17 F.3d 1033, 1039-40 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066, 1047-77 (5th Cir. 1992)).

Applying this principle to the instant case, the Court calculates the hourly cost of living adjustment rate as follows. Plaintiff calculated his counsel's requested rate using the CPI United States city average for all items during the relevant time period.[2] The Commissioner has not objected to the use of this criteria and resulting CPI data, and so the Court will use this criteria. In March 1996, when the $125.00 statutory rate became effective, the CPI was 155.7 for U.S. urban consumers. In the year 2006, the CPI was 201.6. Adjusted for the increase in cost of living, the statutory rate of $125.00 is increased to $161.85 (Annualized 2006 CPI of 201.6 divided by March 1996 CPI of 155.7 times $125.00). In the year 2007, the CPI was 207.342. Adjusted for the increase in cost of living, the statutory rate of $125.00 is increased to $166.46 (Annualized 2007 CPI of 207.342 divided by March 1996 CPI of 155.7 times $125.00). In January 2008, the CPI was 211.08. Adjusted for the increase in cost of living, the statutory rate of $125.00 is increased to $169.46 (January 2008 CPI of 211.08 divided by March 1996 CPI of 155.7 times $125.00).

A review of the itemized statement provided by Plaintiff reflects that Plaintiff is requesting fees for 2.2 hours in 2006, 46.9 hours in 2007, and 2.3 hours in January 2008, for a total of 51.4

---

[2]U.S. Department of Labor, Bureau of Labor Statistics, Consumer Price Index–All Urban Consumers, U.S. City Average, All Items, 1982-84=100 (http://data.bls.gov).

hours. The Magistrate Judge has concluded that the total number of hours requested should be reduced by 10 hours and thus, the yearly rates computed above must be applied accordingly. The 2.2 hours expended in 2006 is 4.3 percent of 51.4, the total number of hours requested (2.2 divided by 51.4). The 46.9 hours expended in 2007 is 91.2 percent of the total number of hours requested (46.9 divided by 51.4). The 2.3 hours expended in January 2008 is 4.5 percent of the total number of hours requested (2.3 divided by 51.4). Applying these percentages to a total number of hours of 41.4 results in a distribution of 1.68 hours in 2006 (4.3 percent times 41.4), 37.78 hours in 2007 (91.2 percent times 41.4), and 1.85 hours in January 2008. Multiplying the yearly rates computed above by the number of hours computed for each year results in a total fee amount of $6,874.30, which includes a fee of $271.91 for 2006 (1.68 hours times hourly rate of $161.85), $6,288.89 for 2007 (37.78 hours times hourly rate of $166.46), and $313.50 for January 2008 (1.85 hours times hourly rate of $169.46).

## II. CONCLUSION

Based upon the above, the Magistrate Judge concludes that a 10-hour reduction to 41.4 from the 51.4 hours for which Plaintiff has requested fees is warranted. Consequently, the Magistrate Judge recommends Plaintiff's petition be GRANTED in part and DENIED in part and Plaintiff be awarded fees in the amount of $6,288.89 to be sent directly to his counsel, Paulette F. Balin.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: March 26, 2008

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of mailing of this notice. Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).